United States Bankruptcy Court
Middle District of Florida

In re:                                                                            Case No. 14-04524-KSJ
Leela Singh                                                                       Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 113A-6          User: lmelanie          Page 1 of 1          Date Rcvd: Aug 29, 2014
                              Form ID: B18            Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 31, 2014.
db          +Leela Singh,   3344 Corona Village Way Apt 303,   Orlando, FL 32835-7542
cr          +Green Tree Servicing, LLC,   Law Offices of Daniel C. Consuegra,   9204 King Palm Drive,
              Tampa, FL 33619-1328
cr          +Hamptons at Metrowest Condominium Association Inc,   Katzman Garfinkel,   5297 West Copans Road,
              Margate, FL 33063-7706
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr           EDI: QRETHOMAS.COM Aug 29 2014 22:48:00      Robert E Thomas,   Post Office Box 5075,
              Winter Park, FL  32793-5075
cr           EDI: RECOVERYCORP.COM Aug 29 2014 22:48:00      Recovery Management Systems Corp.,
              Attn: Ramesh Singh,   25 SE Second Avenue, Ste 1120,   Miami, FL  33131-1605
24503936     EDI: FLDEPREV.COM Aug 29 2014 22:48:00      Florida Department of Revenue,   Bankruptcy Unit,
              Post Office Box 6668,   Tallahassee FL 32314-6668
24503937     EDI: IRS.COM Aug 29 2014 22:48:00      Internal Revenue Service,   Post Office Box 7346,
              Philadelphia PA 19101-7346
24503935    +E-mail/Text: Bankruptcy@octaxcol.com Aug 29 2014 22:56:37      Orange County Tax Collector,
              Attn:  Earl K. Wood,   Post Office Box 2551,   Orlando FL 32802-2551
24761346     EDI: RECOVERYCORP.COM Aug 29 2014 22:48:00      Recovery Management Systems Corporation,
              25 S.E. 2nd Avenue, Suite 1120,   Miami, FL 33131-1605
                                                                                              TOTAL: 6

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 31, 2014                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 29, 2014 at the address(es) listed below:
              Dessa  Willson    on behalf of Creditor    Green Tree Servicing, LLC bkfiling@consuegralaw.com
              Robert E Thomas    rthomastrustee@gmail.com, rthomas@ecf.epiqsystems.com
              Scott W Spradley    on behalf of Debtor Leela  Singh scott.spradley@flaglerbeachlaw.com,
               suzy@flaglerbeachlaw.com;kristina@flaglerbeachlaw.com
              Tennille M Shipwash    on behalf of Creditor    Hamptons at Metrowest Condominium Association Inc
               tshipwash@likeyourlawyer.com
              United States Trustee - ORL7/13    USTP.Region21.OR.ECF@usdoj.gov
                                                                                             TOTAL: 5

Form B18 (Official Form 18)(12/07)

# United States Bankruptcy Court

Middle District of Florida

Case No. 6:14−bk−04524−KSJ

**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Leela Singh
   3344 Corona Village Way Apt 303
   Orlando, FL 32835

Social Security No.:
   xxx−xx−9994

Employer's Tax I.D. No.:


## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).


BY THE COURT


_____

Dated: August 29, 2014          Karen S. Jennemann
                                United States Bankruptcy Judge


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (12/07)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**